# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00132-CV

**Donald L. Knepp and Andrea L. Knepp, Appellants**

**v.**

**K.R.A.K. Investments, LLC, Appellee**

### FROM THE HAYS COUNTY COURT AT LAW NO. 1, NO. 13-0777-C, HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellants Donald L. Knepp and Andrea L. Knepp have filed in this Court an "Emergency Motion to Modify Supersedeas Bond," complaining that (1) the amount of the supersedeas bond set by the county court violates the 50% net-worth cap applicable to money judgments and (2) the terms for posting the required security are too vague and indefinite to adequately apprise them of the amount required to suspend enforcement of the underlying judgment. Because we conclude that the order setting the supersedeas bond lacks clarity, we abate the appeal and remand the case to the county court with instructions to specify the amount and terms for suspending enforcement of the judgment pending appeal to this Court.

Appellee K.R.A.K. Investments, LLC initiated the underlying eviction proceedings after acquiring the Knepps' home in a foreclosure sale. *See generally* Tex. Prop. Code

§§ 24.001–.011. The justice court awarded possession of the property to K.R.A.K., and the Knepps took a de novo appeal to the County Court at Law No. 1 of Hays County. *See* Tex. R. Civ. P. 510.9–.10 (governing appeal of eviction proceeding to county court). The Knepps remained in possession of the property pending the resolution of that appeal by depositing $13,600 into the court's registry as security. *See* Tex. R. Civ. P. 510.9 (allowing party to appeal eviction judgment to county court by filing bond or making cash deposit in amount required by justice court or by filing sworn statement of inability to pay). On February 28, 2014, the county court signed a judgment awarding K.R.A.K. possession of the subject property and damages of $11,281.92 in lost rental value incurred while the appeal was pending in that court, $1,550 in expert witness fees, and $458 in court costs. *See* Tex. R. Civ. P. 510.11 (allowing trial court to award prevailing party damages suffered for "withholding or defending possession of the premises during the appeal"). The county court based the lost rental value damages on findings that the rental value of the subject property is $2,200 per month and the fact that the Knepps had occupied the property for 158 days while the appeal was pending.

Pursuant to section 24.007 of the Texas Property Code, a county court judgment "in an eviction suit may not . . . be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." Tex. Prop. Code § 24.007(a). Section 24.007 specifies that, in setting the supersedeas-bond amount in an eviction proceeding, the court must "provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court

may deem appropriate." *Id.* The Texas Rules of Appellate Procedure likewise imbue trial courts with discretion in determining the security required to suspend enforcement of a judgment involving recovery of an interest in real property, subject only to the requirement that the *minimum* amount of security be "the value of the property interest's rent or revenue," unless the court finds that the amount required by the rules "is likely to cause the judgment debtor substantial economic harm." Tex. R. App. P. 24.2(a)(2), (b).

In the present case, the county court set the terms for suspending judgment pending appeal as follows:

> IT IS FURTHER ORDERED that should appeal be taken from this Court to the Court of Appeals, the Order of this Court is that Defendants post a supersedeas bond in the amount of $15,600.00. The Defendants placed into evidence that as to net worth and income, the Defendant has income of approximately $3000.00 a month. Defendants are required to post 50% of that income ($1,500.00) into the registry of the court as *periodic increases to the bond starting March 15th 2014.*
>
> The Court finds that the Defendants' [sic] have made prior deposits into the registry of the Court in the total amount of $13,600.00. All prior deposits are hereby deemed part of the supersedeas bond such that Defendants must deposit an additional $2,000.00 *to post the entire bond*.

(Emphases added.) The Knepps contend the county court erred in requiring them to post any additional amount as security because (1) the amount required to supersede a "money judgment" is capped at the lesser of the amount of the judgment, 50% of net worth, or $25 million and (2) they have conclusively established a negative net worth, which means they cannot be required to post additional security beyond the sums already in the court's registry. *See* Tex. Civ. Prac. & Rem. Code § 52.006(a), (b) (capping amount required to suspend enforcement of money judgment); *see also*

3

Tex. R. App. P. 24.2(a)(1) (same). They also complain that the terms of the "periodic increases" are impermissibly vague and ambiguous.

We are unable to ascertain from the county court's judgment how the supersedeas bond was calculated, what the total amount of the bond is, or how the bond must be satisfied. The judgment specifies that the supersedeas bond is set at $15,600 and that after crediting amounts already deposited with the court, the Knepps "must deposit an additional $2,000.00 to post *the entire bond.*" (Emphasis added.) However, the judgment also appears to require the Knepps to deposit $1,500 into the court's registry "as periodic increases to the bond," starting March 15. This language suggests that the total bond is actually in excess of $15,600, contrary to the statement that the "entire bond" would be satisfied with the payment of an additional $2,000. To the extent the county court intended to increase the amount of the bond incrementally as a proxy for the lost rental value that is likely to accrue while the appeal is pending, the county court has neither clearly imposed such an obligation nor specified the payment frequency. The only thing that can be determined for sure from the judgment is that the Knepps were required to deposit an additional $1,500 into the court's registry on March 15, which they did. If the "entire bond" is truly $15,600, the Knepps may be required to deposit another $500 now or at some unspecified future date. If the bond is $15,600 *plus the $1,500 due on March 15*, they may be required to deposit an additional $2,000. And if the bond is $15,600 *plus "periodic increases,"* they may have to deposit not only an additional $2,000 but also further payments of $1,500 at unknown intervals. As a result of this ambiguity, neither the Knepps nor K.R.A.K. have been adequately informed of the terms on which the underlying judgment may be superseded pending appeal.

4

We therefore abate this appeal and remand the case to the county court to specify the precise amount and terms of the security required to suspend enforcement of the judgment on appeal. *See* Tex. R. App. P. 24.3(a) (trial court has continuing jurisdiction to order amount and type of security even after that court's plenary power has otherwise expired), 44.4 (governing trial court's remediable error). The court's supplemental order or judgment should be filed in this Court in a supplemental clerk's record within 30 days of the date of this opinion. In the meantime, until the appeal is reinstated, we will consider that the trial court's judgment has been adequately superseded.

Before Chief Justice Jones, Justices Pemberton and Rose

Abated and Remanded

Filed: April 8, 2014